# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| NEUROSIGMA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO A. F. DE SALLES, an individual; ALESSANDRA GORGULHO, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: CV 13-07973-DMG (PJWx)<br><br>**JUDGMENT**<br><br>AAA Arbitration No. 72-20-1300-0792<br><br>Final Award of February 26, 2016 |

The motion to confirm arbitration award by Defendants and Petitioners Antonio A.F. De Salles and Alessandra Gorgulho ("Defendants"), was filed on or about March 3, 2016. [Doc. # 54.] The Petition sought confirmation, under 9 U.S.C. § 9, of the Final Arbitration Award in American Arbitration Association case no.: 72-20-1300-0792, issued by a three-member panel of arbitrators on or about February 26, 2016. Having denied Plaintiff's motion to set aside the award and granted Defendants' motion to confirm the award on May 16, 2016 [Doc. # 102], the Court orders the clerk to enter judgment in favor of Defendants and against Plaintiff as follows:

1. Plaintiff is ordered to forthwith reinstate, as of April 4, 2013, all Shares held in the name of Defendants Antonio A.F. De Salles, and Alessandra Gorgulho as Trustees for the De Salles Children's Trust, dated April 10, 2008, as shareholders with all rights and benefits.

2. Plaintiff shall forthwith pay and deliver to Defendants, through their attorney Glenn Turner, Esq., any and all benefits derived from ownership of such Shares, including but not limited to, all dividends paid, stock splits made and all other benefits the Trust would have had a right to receive had such Shares been continuously owned by Defendants since April 4, 2013, including, that which other shareholders received by virtue of such stock ownership to which Defendants were deprived by virtue of the wrongful repurchase, and is now required in order to make Defendants whole as a result of Plaintiff's wrongful repurchase of such Shares. Any and all applicable monetary amounts due to Defendants arising out of the relief described in this paragraph #2, shall bear interest at the rate of ten percent (10%) per annum from the record date of distribution, until paid in full.

3. Plaintiff is ordered to issue new Share certificates of duly authorized, validly issued, fully paid and non-assessable stock certificates representing 985,415 shares of NeuroSigma, Inc. common stock (the "Shares") of which eighty percent (80%) of the Shares shall be issued in the name of Antonio A.F. De Salles and Alessandra Gorgulho as Trustees for the De Salles Children's Trust, Dated April 10, 2008 and twenty percent (20%) in the name of the Regents of the University of California. The stock certificates shall be delivered to counsel for Defendants, Mr. Glenn E. Turner, Esq.

4. With respect to all Shares issued pursuant to paragraph #3 above,

Plaintiff and any successor, is prohibited and enjoined from enforcing its Repurchase Rights under Section V of the Stock Purchase Agreement dated September 2, 2008 ("SPA"), and Right of First Refusal under Section VI of the SPA.

5. Defendants' Shares shall be subject to compliance with Section 2.2(a) of the SPA regarding notice of transfer of its shares and the terms and conditions of the transfer of Shares. Plaintiff or its successor is enjoined from enforcing any other parts of Section 2.2(b), (c), and (d) against Defendants or against the Shares transferred to them pursuant to this judgment.

6. Plaintiff shall comply with the requirement of Section 2.3(a) requiring a restrictive legend on the stock to comply with Federal Securities Law but is enjoined from enforcement of Section 2.3(b) and Section 2.3(c) and the restrictions against transfer set forth in 4.1 and 4.2 as against the Defendants and their transferees' Shares.

7. Defendants or their successors in interest, are required to comply with the SPA's Section 4.4 Market Stand-Off Provisions which does not permit transfer or sale of shares when a registration statement for underwriting of a public offering is in effect, provided Defendants and their successors in interest have the right to participate, pro rata, should any other shareholder be allowed to participate in such public offering.

8. Plaintiff shall have no rights under Section IX of the SPA to assign any repurchase or first refusal rights with respect to the Shares transferred to Defendants as those rights are enjoined against enforcement by Plaintiff or its successors against the Defendants or the Shares of the Defendants.

9. Plaintiff is ordered to allow Defendants and their attorney or attorneys, including Glenn E. Turner, Esq., access to the books and records of

Plaintiff and all other applicable records reasonably requested by the Defendants or their successors in interest, from time to time, for review, inspection and copying, within twenty (20) business days of February 26, 2016 and thereafter, at all other reasonable times, requested by counsel for the Defendants and as are generally required or afforded any other shareholder of Plaintiff, including but not limited to Plaintiff's stock ledger, common stock transfer ledger and other documents, reports or compilation reasonably requested by the Defendants.

10. Plaintiff is ordered to pay sanctions in the amount of $2,000 per day to Defendants, from February 26, 2016, until such time as Plaintiff provides complete and satisfactory access to the books and records of Plaintiff as set forth in paragraph 9 and otherwise complies with the orders set forth in paragraph 9.

11. Plaintiff is ordered to provide a corporate surety bond in favor of Defendants for the value of the Shares to be transferred, in the amount of $33,400,000.00 ($26.7 Million x 1.25) in favor of Defendants, should the Shares not be transferred as ordered or the bond not be posted on or before March 15, 2016, and, in the event Plaintiff fails both the transfer of such Shares and to post such surety bond, interest shall accrue on the value of Defendants' Shares, $20,900,652, at the rate of seven percent (7%) per annum, payable to the Defendants, on the 1st day of each month, commencing with the first month after failure to post the corporate surety bond, and continuing until the Shares are transferred as ordered herein.

12. Plaintiff is further ordered to refrain from retaliating and/or discriminating against the Defendants, or engaging in or acquiescing to any action that would foreseeably result in adverse consequences to the

Defendants that are disparate from those of any other Shareholder of Plaintiff.

13. Defendants are awarded reimbursement of their attorneys' fees arising out of and relating to this matter. Plaintiff shall pay to the Defendants the sum of One Million, Eight Hundred Thirty-Nine Thousand Two Hundred Eighty-Eight Dollars and Zero Cents ($1,839,288.00) plus interest at the rate of ten percent (10%) per annum until paid in full. Interest shall accrue on One Million, Eight Hundred One Thousand, Six Hundred Ninety-Eight Dollars and Zero Cents ($1,801,698.00) commencing on December 29, 2015 until paid in full and the remaining Thirty-Seven Thousand Five Hundred Ninety Dollars and Zero Cents ($37,590.00) shall accrue interest from the date of February 26, 2016 until paid in full.

14. All administrative fees of the American Arbitration Association ("AAA") totaling $16,490.00 and all compensation of the Arbitrators totaling $404,190.74 shall be paid by Plaintiff. Therefore, Plaintiff shall pay to the Defendants the additional sum of $178,972.47, plus interest at the rate of ten percent (10%) per annum until paid in full, of which $164,959.97 shall accrue interest from the date of December 30, 2016, and $14,012.50 shall accrue interest from the date of February 26, 2016, representing the fees and expenses.

DATED: May 24, 2016

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE